UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK



TYRONE H. MASSEY,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF CORRECTIONS, *et al.*,

                Defendants.

20-CV-5665 (GBD)

ORDER OF SERVICE

GEORGE B. DANIELS, United States District Judge:

Plaintiff, currently incarcerated at the Mid-Hudson Psychiatric Center, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights while he was detained at the George R. Vierno Center (GRVC) on Rikers Island. By order dated August 12, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A. New York City Department of Correction (DOC)

Plaintiff's claims against DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

### B. Waive Service of Summons

The Clerk of Court is directed to notify DOC and the New York City Law Department of this order. The Court requests that the City of New York, Correction Officer Palmenteri, and Dr. Ho waive service of summons.

### C. *Valentin* order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOC to identify: (1) GRVC Captain John Doe, the area supervisor, and (2) GRVC Correction Officer John Doe, the "watch sheet" officer. (*See* ECF No. 2, at 5.) It is therefore ordered that the New York City Law Department, which is the attorney for and agent of DOC, must ascertain the identity and badge number of each John Doe whom

Plaintiff seeks to sue here and the address where each defendant may be served.[2] The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the defendants to waive service. .

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. An Amended Complaint form is attached to this order.

The Court dismisses Plaintiff's claims against DOC. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further directed to electronically notify DOC and the New York City Law Department of this order. The Court requests that Defendants the City of New York, Correction Officer Palmenteri, and Dr. Ho waive service of summons.

The Clerk of Court is also instructed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church St, New York, NY 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] If the Doe defendants are current or former DOC employees or officials, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendants are not current or former DOC employees or officials, but otherwise work or worked at a DOC facility, the Law Department must provide a residential address where each individual defendant may be served.

3

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     AUG 1 3 2020
           New York, New York

                                       GEORGE B. DANIELS
                                       United States District Judge

4