**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TYRONE MASSEY,

      Plaintiff,

    -against-

CITY OF NEW YORK, CORRECTION OFFICER
PALMENTARI, CAPTAIN JOHN DOE,
CORRECTION OFFICER JOHN DOE, and DR.
HO,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:
:
:
:
:
:

MEMORANDUM DECISION
AND ORDER

20 Civ. 5665 (GBD) (DF)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Tyrone H. Massey ("Plaintiff"), a pre-trial detainee at the West Facility on
Rikers Island, brings this civil rights action against Defendants City of New York ("NYC"),
Correction Officer Palmentari ("Palmentari"), Dr. Ho ("Ho"), Captain John Doe, and Correction
Officer John Doe (with Captain John Doe, the "John Doe Defendants," all together, "Defendants")
pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was
denied medical attention after a fire started in his jail cell on May 5, 2020, while he was detained
at the George R. Vierno Center on Rikers Island. (Compl., ECF No. 2, at 3-5.)[1]  Specifically,
Plaintiff alleges that Defendants denied his requests for medical assistance and to be allowed out
of his cell for ten hours after it was permeated with smoke, causing him lasting breathing problems,
chest pains, headaches, blurry vision, eye pain, anxiety, and post-traumatic stress.  (*Id.*)
Defendants NYC and Palmentari (the "Moving Defendants") moved to dismiss Plaintiff's
Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust
administrative remedies. (Notice of Mot. to Dismiss Compl., ECF No. 18.)

---

[1] The full names of Dr. Ho and Officer Palmentari are unknown at this time.

1

Before this Court is Magistrate Judge Debra Freeman's August 30, 2021 Report and Recommendation (the "Report"), recommending that Plaintiff's motion to dismiss be granted with prejudice as to the Moving Defendants, and that the claim against Ho and the John Doe Defendants be dismissed *sua sponte*. (Report, ECF No. 39, at 24.)  Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 25–26.)  No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I.  LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted).  "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie,* 532 U.S. 234, 242 (2001)).

### B. Rule 12(b)(6) Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co.*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp.*, PLC, 709 F.3d 109, 119–20 (2d Cir. 2013).

### C. *Pro Se* Plaintiffs

Submissions of pro se litigants are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Courts must also "afford *pro se* plaintiffs 'special solicitude' before granting motions to dismiss or motions for summary judgment." *Quadir v. N.Y. State Dep't of Labor*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).

### D. Exhaustion of Claims Under the PLRA

The Prisoner Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to claims

3

asserted by pretrial detainees as well as sentenced prisoners. *See United States v. Al–Marri*, 329 F.Supp.2d 366, 367–68 (S.D.N.Y.2008). Exhaustion is mandatory "regardless of the fit between the prisoner's prayer for relief and the administrative remedies possible." *Booth v. Churner*, 532 U.S. 731, 739 (2001). Moreover, "it is well established that complaints of inadequate medical care in prison are claims regarding 'prison conditions' that are squarely covered by the PLRA." *Oates v. Cty. Of N.Y.*, No. 02cv5960 (GEL), 2004 WL 1752832, at *2 (S.D.N.Y. Aug. 4, 2004).

Exhaustion is an affirmative defense, and a plaintiff is not required to plead or demonstrate exhaustion in a complaint. *Jones v. Bock*, 549 U.S. 199, 212 (2007). Nonetheless, if it appears from the face of the complaint that a plaintiff has failed to exhaust his administrative remedies, or that non-exhaustion is otherwise apparent, a court may decide the issue of exhaustion on a Rule 12(b)(6) motion. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir.1998). "[C]ourts in this District routinely grant motions to dismiss where a plaintiff's non-exhaustion is clear from the face of the complaint." *Hickman v. Cty. of N.Y.*, No. 20cv4699 (RA) (OTW), 2021 WL 3604786, at *2 (S.D.N.Y. Aug. 12, 2021) (compiling cases).

## II.   THE REPORT IS ADOPTED

After a complete review of the relevant legal standards and facts at issue, Magistrate Judge Freeman correctly determined that dismissal of the Complaint is appropriate. Plaintiff did not exhaust administrative remedies available to him under the Department of Correction's Inmate Grievance Resolution Program ("IGRP") before filing the instant lawsuit, and Plaintiff's failure to exhaust was not excused. (*See* Report at 16-24.) The magistrate Judge also appropriately concluded that dismissal with prejudice was warranted as to all Defendants, including Ho and the

John Do Defendants who have yet to be served, because, at this time, Plaintiff's failure to exhaust his administrative remedies is incurable. (Report at 24.)

## A. Plaintiff Failed to Exhaust Administrative Remedies

The procedure for exhaustion of administrative remedies pursuant to the PLRA is set out by the rules of the facility or jurisdiction in which the inmate-plaintiff is incarcerated. *Espinal v. Goord*, 558 F.3d 119, 134 (2d Cir.2009). Magistrate Judge Freeman appropriately took judicial notice of the relevant grievance procedures issued by the NYC Department of Corrections. (Report at 12.) These procedures require an inmate to: "(1) file a complaint with the Inmate Grievance Review Committee and request a formal hearing, (2) appeal to the facility Warden or his designee, (3) appeal to the DOC Central Office Review Committee, and (4) appeal to the New York City Board of Correction." *Espinal*, 558 F.3d at 134.

Magistrate Judge Freeman correctly determined that Plaintiff failed to properly exhaust administrative remedies under the IGRP because Plaintiff did not file any grievance related to the May 5, 2020 incident. (Report at 15-16.) In his Complaint regarding the May 2020 fire, Plaintiff specifically stated, "I have not written any grievance." (*See* Compl., at 5-6.) Magistrate Judge Freeman also appropriately reviewed Plaintiff's other submissions, including a letter dated March 7, 2021 and Plaintiff's opposition to the Moving Defendant's motion to dismiss, to ascertain whether there was any indication that Plaintiff had exhausted remedies. (Report at 16.) After thoroughly reviewing the record, the Magistrate Judge found that, even reading Plaintiff's submissions liberally and interpreting them to raise the strongest arguments that they suggest, "nowhere in those submissions has Plaintiff suggested that, in relation to the subject incident, he followed any of the steps set for in NYC DOC's IGRP." (*Id.*)

5

## B. Plaintiff's Failure to Exhaust was not Excused

There are three situations under which a court may excuse non-exhaustion. *Williams v. Correction Officer Priatno*, 829 F.3d 118, 123 (2d Cir. 2016) (citing *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)). First, where "an administrative procedure is unavailable [] (despite what regulation or guidance materials promise) it operates as a simple dead end," the procedure is "incapable of use" and "an inmate has no obligation to exhaust the remedy." *Ross*, 136 S. Ct. at 1859. Second, where "an administrative scheme is so opaque that it becomes, practically speaking, incapable of use," exhaustion is excused. *Id.* at 1860. Third, "an administrative remedy may be unavailable 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams*, 829 F.3d at 124 (citing *Ross*, 136 S. Ct. at 1860). "The test for deciding whether the ordinary grievance procedures were available must be an objective one: that is, would 'a similarly situated individual of ordinary firmness' have deemed them available." *Lucente v. County of Suffolk*, 980 F.3d 284, 311-12 (2d Cir. 2020).

Magistrate Judge Freeman correctly concluded that Plaintiff's failure to exhaust available remedies under the IGRP was not excused. (Report at 17-18.) Liberally construing Plaintiff's submissions, Magistrate Judge Freeman identified two arguments put forth by Plaintiff as to why his failure to exhaust remedies was excused: (1) fear of retaliation has prevented him from using the IGRP process, and (2) since the vast majority of his past grievances had been returned with a notation that they were non-grievable staff discipline complaints, or else were completely ignored, the IGRP was incapable of use. (Compl., at 6.)

Regarding Plaintiff's first argument, Magistrate Judge Freeman appropriately concluded it failed as a matter of law because Plaintiff did not allege any specific facts in support of his fear

6

that NYC DOC personnel would "intimidate and retaliate" against him if he filed a grievance, and a "generalized fear of retaliation is insufficient to excuse [plaintiff's] failure to file a grievance." (Report at 18) (quoting *Little v. Mun. Corp. Cty. of N.Y.*, No. 12cv5851 (KMK), 2017 WL 1184326, at \*11-12 (S.D.N.Y. Mar. 29, 2017) (granting motion to dismiss where, although plaintiff's complaint stated that he "did not exhaust [his] administrative remed[ies] [due to] a fear of retaliation from [DOC] officers," that statement merely constituted a "generalized fear of retaliation" that was "insufficient to excuse his failure to exhaust").

Magistrate Judge Freeman also properly found that the IGRP was not incapable of use based on Plaintiff's returned or unanswered prior complaints because, even if Plaintiff's previous grievances were ignored, the IGRP sets forth specific procedures to be followed in the event that prison officials did not respond to inmate grievances, and Plaintiff failed to exhaust those procedures. (Report at 21) (quoting *Taylor v. N.Y.C. Dep't of Corr.*, 849 Fed. App'x 5, 9 (2d Cir. 2021) (citing *Williams*, 829 F.3d at 123-24)). Additionally, although the IGRP is not available for staff discipline grievances, Plaintiff's Complaint alleging that Defendants unconstitutionally deprived him of medical care is a grievable claim under the IGRP. (Report at 20.)

## C. Dismissal with Prejudice is Warranted

Magistrate Judge Freeman also appropriately concluded that dismissal with prejudice was appropriate in this case because the time permitted for pursuing administrative remedies has expired, and therefore Plaintiff cannot cure the defects in his Complaint. (Report at 23.) Pursuant to the IGRP, inmates are required to file grievances within ten days of the event that gave rise to their complaint. *See* IGRP § XI(B)(1). More than one year has passed since the alleged fire occurred in his cell on May 5, 2020. As such, Plaintiff cannot file a grievance regarding this event, and exhaustion of remedies is no longer possible. Accordingly, dismissal with prejudice as to the

Moving Defendants is appropriate. *See e.g.*, *Felix v. Simon*, 303 F. App'x 21, 22 (2d Cir. 2008) (Summary Order) (upholding dismissal of a civil rights action with prejudice where the time permitted for filing a grievance had expired because "dismissal with prejudice, when remedies are no longer available, is required in the absence of any justification for not pursuing such remedies"). Magistrate Judge Freeman also appropriately concluded that dismissal with prejudice is appropriate as to Ho and the John Doe Defendants even though they have not been served or appeared in this action because Plaintiff's claims are equally futile against them.

### III.   CONCLUSION

Magistrate Judge Freeman's Report is ADOPTED.   Defendants' motion to dismiss Plaintiff's complaint, (ECF No. 18), is GRANTED.   The Clerk of Court is directed to close the motion and this case accordingly.   The Clerk of Court is further directed to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
        September 29, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

8